UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATOSHA L. C.,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]<br><br>Defendant. | Case No. 2:18-cv-03042-KES<br><br>MEMORANDUM OPINION AND ORDER |

## I.

## BACKGROUND

Plaintiff Latosha L. C. ("Plaintiff") applied for disability benefits back in 2007 alleging that she became disabled and unable to work on August 10, 2006. Administrative Record ("AR") 240-51. The parties' Joint Stipulation ("JS" at Dkt. 25) recites the lengthy history of her application, including numerous errors and remands. (JS at 2-3.) The instant appeal concerns the decision of an Administrative Law Judge ("ALJ") to deny benefits dated January 25, 2018 (AR

---

[1] Effective November 17, 2017, Ms. Berryhill's new title is "Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security."

804-24) following a fourth hearing on October 10, 2017 (AR 835-62).

The ALJ found that Plaintiff suffered from the medically determinable impairments of lumbar degenerative disc disease, morbid obesity, and depressive disorder. AR 806. The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work with additional exertional limitations and some mental limitations including the following:

> Due [to] a depressive disorder, she is limited to unskilled work learned by simple instructions. The work is simple and repetitive in nature. There is no judgment or choice involved in performing the work.

AR 813.

Based on her RFC and the testimony of a Vocational Expert ("VE"), the ALJ found that Plaintiff could work as mail clerk, Dictionary of Occupational Titles ("DOT") 209.687-026, or surveillance-system monitor, DOT 379.367-010. AR 823. The ALJ concluded that Plaintiff was not disabled. AR 823.

## II.
## ISSUE PRESENTED

This appeal presents the sole issue of whether the ALJ erred in finding that Plaintiff could work as a mail clerk or surveillance-system monitor. Plaintiff contends that (1) the DOT describes these jobs as requiring mental abilities that exceed her RFC, and (2) the VE testified contrary to the DOT without explaining the inconsistency.

## III.
## RELEVANT ADMINISTRATIVE MATTERS

A. **Hearing Testimony.**

Plaintiff testified that she worked as a school cafeteria attendant for about ten years before quitting in 2005 due to a conflict with her supervisor. AR 841-42. After that, she worked as a home healthcare certified nursing assistant ("CNA") until August 2006 when she injured herself lifting a patient. AR 842. To obtain

the CNA job, she "barely" completed a certification course.  AR 846.  The VE classified these jobs as DOT 355.674-014 (nurse assistant) and DOT 311.677-010 (cafeteria attendant).  AR 856.

The ALJ asked the VE what jobs would be available to a hypothetical worker with Plaintiff's RFC.  AR 857.  The VE testified that such a worker could not do Plaintiff's past relevant work.  AR 858.  The VE did not explain what aspects of Plaintiff's past relevant work were inconsistent with her RFC.

She then consulted some reference material and opined that the jobs of mail clerk and surveillance-system monitor would be available.  AR 858-59.  In response to questioning by Plaintiff's counsel and the ALJ, the VE testified that she was "sure" someone with all the mental limitations set forth in Plaintiff's RFC could do those two jobs.  AR 860.  The ALJ never asked the VE if her testimony was consistent with the DOT, and the VE never volunteered that it was.  AR 854-62.

The ALJ found that the VE's testimony was consistent with the DOT without explaining that finding.  AR 823.  Relying on the VE's testimony, the ALJ found that Plaintiff could work as a mail clerk and surveillance-system monitor.  Id.

**B.  DOT Ratings.**

The DOT lists a specific vocational preparation time ("SVP") for each described occupation, which is defined as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation."  DOT, App. C, 1991 WL 688702.  Using the skill level definitions in 20 CFR §§ 404.1568 and 416.968, unskilled work corresponds to an SVP of 1-2; semi-skilled work corresponds to an SVP of 3-4; and skilled work corresponds to an SVP of 5-9.  See Social Security Ruling 00-4p, 2000 WL 1765299 (Dec. 4, 2000).

A job's level of simplicity is also addressed by its DOT general educational

development ("GED") rating for reasoning development.[2] The GED reasoning scale ranges from level 1 (lowest) to level 6 (highest). The DOT defines the reasoning abilities corresponding with each of the first four levels, as follows:

> Level One: Apply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.
>
> Level Two: Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.
>
> Level Three: Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations.
>
> Level Four: Apply principles of rational systems* to solve practical problems and deal with a variety of concrete variables in situations where only limited standardization exists. Interpret a variety of instructions furnished in written, oral, diagrammatic, or schedule form.
>
> *Examples of rational systems include: bookkeeping, internal combustion engines, electric wiring systems, house building, farm management, and navigation.

See DOT, App. C, 1991 WL 688702.

Based on the DOT occupations assigned by the VE, the DOT rates Plaintiff's past work as a CNA as requiring SVP 4 and reasoning level 3. DOT

---

[2] The GED also includes a scale for mathematical development and language development. See DOT, App. C, 1991 WL 688702.

355.674-014.  The DOT rates Plaintiff's past work as a cafeteria attendant as SVP 2 with reasoning level 2.  DOT 311.677-010.

The DOT rates the job of mail clerk—one of the jobs the VE opined Plaintiff could perform—as requiring SVP 2 and reasoning level 3.  The DOT describes the duties of a mail clerk as follow:

> Sorts incoming mail for distribution and dispatches outgoing mail: Opens envelopes by hand or machine.  Stamps date and time of receipt on incoming mail.  Sorts mail according to destination and type, such as returned letters, adjustments, bills, orders, and payments.  Readdresses undeliverable mail bearing incomplete or incorrect address.  Examines outgoing mail for appearance and seals envelopes by hand or machine.  Stamps outgoing mail by hand or with postage meter.  May fold letters or circulars and insert in envelopes ….  May distribute and collect mail.  May weigh mail to determine that postage is correct.  May keep record of registered mail.  May address mail, using addressing machine ….

DOT 209.687-026 (omitting cross-references to other jobs with different DOT codes).

The DOT rates the job of surveillance-system monitor—the other job that the VE opined Plaintiff could perform—as requiring SVP 2 and reasoning level 3.  The DOT describes the duties of a surveillance-system monitor as follow:

> Monitors premises of public transportation terminals to detect crimes or disturbances, using closed circuit television monitors, and notifies authorities by telephone of need for corrective action: Observes television screens that transmit in sequence views of transportation facility sites.  Pushes hold button to maintain surveillance of location where incident is developing, and telephones police or other designated agency to notify authorities of location of disruptive

| | activity. Adjusts monitor controls when required to improve |
|---:|:---|
| 1 | |
| 2 | reception, and notifies repair service of equipment malfunctions. |
| 3 | DOT 379.367-010. |

### III.
### DISCUSSION

In <u>Zavalin v. Colvin</u>, 778 F.3d 842 (9th Cir. 2015), the Ninth Circuit held that a claimant limited to "simple, routine, or repetitive tasks" could presumptively not do work rated by the DOT as requiring reasoning level 3. <u>Id.</u> at 847. The Ninth Circuit ruled, "In sum, because the ALJ failed to recognize an inconsistency [between simple work and GED 3], she did not ask the expert to explain why a person with Zavalin's limitation could nevertheless meet the demands of Level 3 Reasoning. We conclude that the ALJ erred in failing to reconcile this apparent conflict." <u>Id.</u>

The Commissioner attempts to distinguish <u>Zavalin</u> by summarizing evidence concerning Plaintiff's mental abilities (JS at 11-15) and concluding, "Substantial evidence shows Plaintiff could perform a job requiring level three reasoning." (JS at 15.) The problem with this argument is that the ALJ found that Plaintiff was only capable of "simple and repetitive" work with "no judgment or choice involved." AR 813. Per <u>Zavalin</u>, such work is inconsistent with a DOT GED reasoning level rating of 3, but nothing in the present record explains that inconsistency.

The Commissioner argues that the ALJ's failure to explain the inconsistency was "harmless error" because ample evidence demonstrates that Plaintiff has the mental ability to work as a mail clerk or surveillance-system monitor. (JS at 15.) The Court disagrees. This argument essentially asks the Court, in the guise of a harmless error analysis, to find that the RFC's limitations to "simple and repetitive" work with "no judgment or choice involved" are erroneous because they lack substantial evidentiary support – an inquiry beyond the scope of this

appeal. 42 U.S.C. §§ 405(g), 1383(c) (authorizing appeals to the district court by claimants, not by the Commissioner).

If, as the ALJ found, Plaintiff cannot do work that involves "judgment or choice," then she cannot work as a surveillance-system monitor. A surveillance-system monitor, as described by the DOT, must use judgment to determine how to respond to possible emergencies and security threats. As the Ninth Circuit has recognized, "a surveillance system monitor may be called upon to use discretion and judgment in rapidly evolving scenarios, including deciding when a situation requires the authorities to be notified, all while continuing to maintain surveillance." Zavalin, 778 F.3d at 848.

As described by the DOT, the mail clerk position requires workers to understand the nature of mail received sufficiently well to sort it. A mail clerk cannot sort "adjustments, bills, orders, and payments" without recognizing what constitutes each type of mail. See Barbee v. Berryhill, No. 16-1779, 2017 WL 3034531 at *16, 2017 U.S. Dist. LEXIS 111821 at *42-43 (S.D. Cal. July 18, 2017) ("Based on the reasoning of Zavalin, the Court finds there was an apparent conflict between the VE's testimony that Plaintiff could perform the job of mail clerk and the DOT, which the ALJ failed to address."); Bagshaw v. Astrue, 2010 U.S. Dist. LEXIS 8976 at *16, 2010 WL 256544 at *5 (C.D. Cal. Jan. 20, 2010) (holding that a mail clerk's requirement of reasoning level 3 is inconsistent with RFC for simple, routine work).

For all these reasons, the ALJ erred by relying on the VE's testimony that a person with Plaintiff's RFC could work as a mail clerk or surveillance system monitor without recognizing and inquiring about the apparent conflict between the VE's testimony and the DOT.

## IV.
## DISPOSITION

Plaintiff asks the Court to reverse the decision of the Commissioner and

award benefits, rather than remanding the case for further administrative proceedings. (JS at 20.) In deciding between a remand to award benefits or to conduct further administrative proceedings, the "required analysis centers on what the record evidence shows about the existence or non-existence of a disability." Strauss v. Comm'r of the Soc. Sec. Admin., 635 F.3d 1135, 1138 (9th Cir. 2011). Courts should consider whether "the record has been fully developed and further administrative proceedings would serve no useful purpose." Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014) (discussing the "credit as true" doctrine, which is not the basis of Plaintiff's request for an order awarding benefits). Ultimately, courts should "remand for further [administrative] proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021.

Here, the record has been developed over the course of more than a decade. The ALJ found that Plaintiff can only do "simple and repetitive" work with "no judgment or choice involved." AR 813. A VE testified that the only jobs compatible with Plaintiff's RFC were two jobs that are not, in fact, compatible. This record does not create a serious doubt as to whether Plaintiff is disabled.

## V.
## CONCLUSION

For the reasons stated above, IT IS ORDERED that judgment shall be entered REVERSING the Commissioner's final decision and REMANDING the case for a calculation and award of benefits.

DATED: February 28, 2019

_____
KAREN E. SCOTT
United States Magistrate Judge